THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BRUCE CHAMBERS, Appellant.

Third Department, February 23, 1965.

*Mahlon T. Clements* for appellant.

*J. George Follett, District Attorney,* for respondent.

HERLIHY, J. We first consider the issues that relate to whether or not the judgment of conviction should be reversed and the indictment dismissed with prejudice. The defendant contends his constitutional rights were violated — denial of due process — because he was not present in court when his case was passed and went over the October, 1962 Term and *further* that he was denied a speedy trial, pursuant to sections 8 and 668 of the Code of Criminal Procedure.

The chronology of events pertinent to these issues follows:

June 29, 1962 — Defendant is arrested for parole violation and placed in St. Lawrence County Jail. From this point on, he remains in jail because he is unable to raise bail.

July 3, 1962 — The parole warrant is withdrawn and another warrant is substituted charging defendant with burglary, third degree and other crimes.

September 17, 1962 — Defendant is indicted by the St. Lawrence County Grand Jury.

September 1962 — Defendant is arraigned before Supreme Court and he is assigned counsel, one Francis La Vigne. The case is transferred to St. Lawrence County Court.

October 1, 1962 — A Special Term of County Court begins and runs for two days. Pleas are taken. There is no indication that defendant appeared before the court. The term is adjourned to the next regular term of court.

October 8, 1962 — Regular Term of County Court begins. Defendant appears in court and is represented by Mahlon Clements, appearing on behalf of Mr. La Vigne. The case is passed. For four days the court disposes of numerous cases by plea and on October 15 begins trial of a criminal case (*People* v. *Clark*) which ends October 25. On October 26, the court directs the instant case to go over the term. There is no indication that defendant was then present.

November 26, 1962 — Next Special Term of County Court and defendant was in appearance. He stated he had not seen his

attorney for a couple of months. The District Attorney said he had had difficulty communicating with Mr. La Vigne. The case is again passed. In the meantime another Grand Jury has handed down indictments. Various cases are disposed of.

December 3, 1962 — General Term of Court begins with trial of *People* v. *Carney* which ends December 21 and Court is adjourned. In meantime, Court has received letter from Mr. La Vigne saying Mr. Clements is now representing defendant.

December 31, 1962 — County Judge SANFORD's term expires and he is succeeded by Judge DANIELS who as a former Assistant District Attorney is disqualified from handling defendant's case.

February 8, 1963 — By order of Judge BEST, Administrative Justice of the Fourth District, Judge LAWRENCE is assigned to act as County Judge for 30 days beginning February 18.

February 25, 1963 — The instant case comes on for trial.

The primary contention concerns the passing of the case on October 26, when admittedly neither the defendant nor his attorney was in court, together with all of the subsequent proceedings to the time of the trial.

While we do not condone the type of procedure herein, this record does not show that there was any constitutional deprivation of due process. At the opening of court on October 8, 1962 the defendant was present in court with his counsel but the record is otherwise silent as to what took place. We are informed that during the term of court, numerous cases were disposed of by pleas and a case — two years old — was tried, taking the balance of the allotted time, and that on October 26 the court directed the instant case to go over the term. It appears that on October 29 the regularly scheduled four-week term of the Supreme Court for St. Lawrence County commenced. The County Court again convened on November 26, 1962, the defendant was present and advised the court that he had not seen his assigned attorney for approximately two months and according to the statement of the District Attorney, on the motion to dismiss, the defendant " changed attorneys and that always makes for delay ". The major portion of this term was consumed in the trial of a murder case, which concluded just prior to the Christmas holidays.

The advent of 1963 ushered into office a new County Judge, disqualified as to the defendant because of his being a former Assistant District Attorney. During the month of January, there was a regularly scheduled four-week term of Supreme Court. A County Judge was assigned to the February Term at which a motion to dismiss the indictment was made by the counsel for the defendant, pursuant to section 668 of the Code of

Criminal Procedure and denied by the court. Thereafter, the case was tried and the defendant convicted. The sentence imposed was mandatory in view of the defendant being a multiple offender and he was given credit for time served prior to his conviction.

The case relied upon by the defendant does not support his claim of denial of due process. In *Snyder* v. *Massachusetts* (291 U. S. 97), the basis of the appeal was failure to have the defendant present when the jury went to view the scene of the crime and it was held such failure did not violate any constitutional rights of the accused. The court held as to State procedure that there was no violation of the Constitution unless some fundamental principle of justice was violated.

Nor are the facts here similar to *People ex rel. Bartlam* v. *Murphy* (9 N Y 2d 550). The alleged violation here was not part of the trial such as the quoted case, which was for first degree murder. In *People ex rel. Lupo* v. *Fay* (13 N Y 2d 253), the defendant was absent from the courtroom while arguments were presented that the jury should be discharged rather than sent back for further deliberations, but the court said that such failure to be present did not affect a constitutional right of the defendant and did not invalidate the judgment of conviction.

In *People* v. *Wuckich* (13 N Y 2d 953), the court determined that the claim of defendant of undue delay between the filing of the indictment and his arraignment did not constitute good cause.

In our opinion, the question involved in this case is not really one of due process in procedure but one of due process in the right to a speedy trial.

While better practice would have been for the record to show that there was a consent to the case going over the October term, we are unable to find that any prejudice resulted to the defendant, particularly when considered with the colloquy at the November Term concerning his counsel which inferentially, at least, would seem to spell out that he was not prepared to go to trial.

As to his claim of denial of a speedy trial, section 668 of the Code of Criminal Procedure provides that unless the defendant requests a postponement, he should be brought to trial at the next term of court in which the indictment is triable and upon failure to do so, on application by the defendant, the court may dismiss the indictment unless good cause to the contrary is shown. (Cf. *People* v. *Prosser,* 309 N. Y. 353.)

The question is whether there was good cause shown for failure to comply with the section. The trial court has decided, after extended arguments by counsel and due deliberation, that such

cause was shown and while we consider this to be a borderline case, we are not prepared to say that there was an improvident exercise of the court's discretion. (See *People v. Alfonso*, 6 N Y 2d 225.)

Before considering the other issues, we feel constrained to make the following observations:

1. It is the duty and obligation of assigned counsel in a criminal case to be alert and diligent in the performance of his responsibilities to the defendant and the court.

2. It is the obligation of the Sheriff or jailer, or both, to report at the opening of Supreme and County Courts and to furnish a list of all persons detained in the jail under their supervision. (See Code Crim. Pro., § 259-a.)

3. Criminal Court calendars and dockets should be kept current.

4. County Clerks and stenographers are required to conform strictly to the provisions of section 456 of the Code of Criminal Procedure. In the present appeal, we note the patent failure to comply with this section and it is a matter of concern to this court.

The defendant correctly asserts that the court committed error in admitting into evidence his alleged confession and on the argument his counsel contended that *Jackson* v. *Denno* (378 U. S. 368) and *People* v. *Huntley* (15 N Y 2d 72) are applicable. Determination of the appeal should be withheld and the case remitted to the St. Lawrence County Court, at an additional term to be assigned, for further proceedings consistent with the decision in *People* v. *Huntley* (*supra*).

GIBSON, P. J., TAYLOR, AULISI and HAMM, JJ., concur.

Determination of appeal withheld and case remitted to the St. Lawrence County Court, at an additional term to be assigned, for further proceedings consistent with the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72).